BUTLER *et al. v.* CUSHING.

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

LANDLORD AND TENANT—DESTRUCTION OF BUILDING—NEGLIGENCE OF LANDLORD.
Where a landlord, while attempting to repair a building without the consent of his tenants or notice to them, causes the building to fall, he is liable to such tenants for the damages sustained thereby, though he was guilty of no negligence.

On rehearing. Former opinion, 46 Hun, 521.

Nathan Cushing was the owner of a building of which a part was leased to Charles W. Butler, and, the building having settled, Cushing's agent employed men to shove up the girders, which were supported on piers, and upon the girders so supported the floor timbers rested. While the men were engaged

in removing timbers in the story over the cellar, the whole building came down, and a fire resulted, which destroyed Butler's property. This action was brought by Butler for the damages; and, plaintiff having recovered, defendant appealed. The general term affirmed the judgment, holding that the defendant was liable without proof of the agent's negligence; and that, if the action rested on negligence, it fell under that class of cases where the accident itself is proof of neglect, if unexplained. See 46 Hun, 521. The motion for reargument was made upon the ground of surprise; the appellant's counsel not having argued the point decided by the court that negligence need not be proved.

Motion argued before BARNARD, P. J., and DYKMAN, J.

*Albert Stickney,* for the motion.

The liability of the owner of the fee for such injuries rests on proof of negligence. This has been held in many cases as to the owner of adjacent property, and as to the owner or landlord of other portions of the same building. *Losee* v. *Buchanan,* 51 N. Y. 476; *Partridge* v. *Gilbert,* 15 N. Y. 601; *Stapenhorst* v. *Manufacturing Co.,* 15 Abb. Pr. (N. S.) 355; *Moore* v. *Goedel,* 34 N. Y. 527; *Austin* v. *Railroad Co.,* 25 N. Y. 334; *Schile* v. *Brokhahus,* 80 N. Y. 614; *Lasala* v. *Holbrook,* 4 Paige, 169; *Jaffe* v. *Harteau,* 56 N. Y. 398; *Spellman* v. *Bannigan,* 36 Hun, 174. Especially as to damage by fire, the courts of this state are uniform in holding that there is no liability unless the plaintiff establish negligence. *Lansing* v. *Stone,* 37 Barb. 15; *Ryan* v. *Railroad Co.,* 35 N. Y. 210; *Ferguson* v. *Hubbell,* 97 N. Y. 507; *Calkins* v. *Barger,* 44 Barb. 424; *Stuart* v. *Hawley,* 22 Barb. 619; *Hays* v. *Miller,* 70 N. Y. 112; *Hogle* v. *Railroad Co.,* 28 Hun, 363; *Porter* v. *Beale,* 13 Wkly. Dig. 205.

*John E. Parsons* and *Richards & Heald,* opposed.

BARNARD, P. J. A re-examination of this case fails to show any ground for a reargument. The case was tried upon the theory that the plaintiff must recover, if at all, upon proof of negligence by the defendant or his servants which occasioned the injury, and upon proof that the accident was not occasioned by the neglect of the plaintiff. Under the strict rule, we thought that the evidence was abundant to uphold a verdict in favor of the plaintiff. It was shown that the defendant, without warning to his tenants in the upper part of the building, threw the building suddenly down; that this was the result of an attempt to raise the interior partitions so as to make level the floors. There was proof from which the jury could find negligence in the methods used to do the work itself. We also thought that, in such a case as this, where the owner undertook to raise a building rented to tenants under fixed terms, and during the lease, without notice to them, and without their assent, such owner took the risk of his acts; that such owner could not, even with an honest intent to repair a portion of the building not rented, escape liability, where he prostrated the building thereby, by an averment that the work was carefully done. The cases cited by defendant upon this motion do not, as we think, change this result. The motion should therefore be denied, with $10 costs.

DYKMAN, J., concurs.